**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| IN RE:<br><br>DARRELL REUBEN JOHNSON<br><br>    Debtor | Case No. 13-31949-KLP<br>Chapter 13 |
| BRANCH BANKING AND TRUST COMPANY<br>301 College Street<br>Greenville, SC 29601<br><br>    Movant<br>v.<br><br>DARRELL REUBEN JOHNSON<br>200 Taswell Avenue<br>Colonial Heights, VA 23834<br><br>    Respondents | Motion No. |

## CONSENT ORDER MODIFYING AUTOMATIC STAY

    This matter was before the court on December 03, 2014 on the motion of Branch Banking and Trust Company, for relief from the automatic stay with respect to the real property located at 111 Moore Avenue Colonial Heights, VA 23834 and more particularly described as follows:

    ALL that certain lot or parcel of land with the improvements thereon and the appurtenances thereto belonging, lying, being and situate in the City of Colonial Heights, Virginia, and being known, numbered and designated as Lot 6, Block "C" as shown on a plat of J C Robertson Property by F D P Bruner, dated July 11, 1953 and being more particularly described as having an aggregate frontage of 50 feet on the south side of Moore Avenue and extending back between parallel lines 199 32 feet on the East and 199 58 on the West, which said plat is duly recorded in the Clerk's Office of the Circuit Court of Chesterfield County, Virginia, in Deed Book 424, at Page 288. BEING the same real estate conveyed to the grantor herein by Deed to be recorded simultaneously herewith

MARK D. MEYER
VA BAR 74290

ROSENBERG &
ASSOCIATES, LLC
7910 WOODMONT AVENUE
SUITE 750
BETHESDA, MARYLAND 20814
301-907-8000

FILE NUMBER: 39734

Upon consideration of which, it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $946.27 as they become due commencing on December 01, 2014. Late payments will include applicable late charges in the amount of $0.00.

2. The debtor will cure the post-petition arrearage currently due to the movant through December 01, 2014 in the total amount of $5,313.35, which includes late charges, deferred late charges, filing fees and attorney's fees, by making the following payments:

    $885.56 on or before December 15, 2014
    $885.56 on or before January 01, 2015
    $885.56 on or before February 01, 2015
    $885.56 on or before March 01, 2015
    $885.56 on or before April 01, 2015
    $885.55 on or before May 01, 2015

    Make payments payable to:
    BB&T
    PO Box 1847
    Wilson, NC 27894.

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language.
    a. That the debtor is in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;

        i. cure the default;
        ii. file an objection with the court stating that no default exists; or

Mark D. Meyer
VA Bar 74290

Rosenberg &
Associates, LLC
7910 Woodmont Avenue
Suite 750
Bethesda, Maryland 20814
301-907-8000

File Number: 39734

      iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

  e. That is the debtor or trustee does not take on of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

  f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of $75.00 issuance of a notice of default, and an additional $75.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Mark D. Meyer
VA Bar 74290

Rosenberg & Associates, LLC
7910 Woodmont Avenue
Suite 750
Bethesda, Maryland 20814
301-907-8000

File Number: 39734

Richmond, Virginia
__Dec 2 2014_____, 2014

/s/ Keith L. Phillips
_____
United States Bankruptcy Judge
Entered on Docket: ~~December~~ 3, 2014

ENDORSEMENTS of

/s/ Mark D. Meyer, Esq.
Mark D. Meyer, Esq.
Counsel for Movant


/s/ Rudolph C. McCollum, Jr., Esq. _____
Rudolph C. McCollum, Jr., Esq.
Counsel for Debtor

/s/ Robert E. Hyman, Trustee _____
Robert E. Hyman, Trustee


    The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

                                                  /s/ Mark D. Meyer, Esq.
                                                  Mark D. Meyer, Esq.

Local Rule 9022-1 (C) Certification

    The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1 (C).

                                                  /s/ Mark D. Meyer, Esq.
                                                  Mark D. Meyer, Esq.

Copy to:
Mark D. Meyer, Esq.
Rudolph C. McCollum, Jr., Esq.

MARK D. MEYER
VA BAR 74290

ROSENBERG &
ASSOCIATES, LLC
7910 WOODMONT AVENUE
SUITE 750
BETHESDA, MARYLAND 20814
301-907-8000

FILE NUMBER: 39734

Robert E. Hyman, Trustee

Copy Mailed to:
Darrell Reuben Johnson

Mark D. Meyer
VA Bar 74290

Rosenberg &
Associates, LLC
7910 Woodmont Avenue
Suite 750
Bethesda, Maryland 20814
301-907-8000

File Number: 39734